IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **GEORGE RYAN,** | |
| Plaintiff, | **CIVIL ACTION FILE** |
| v. | **NO. 1:18-CV-5722-SCJ** |
| **UPS CAPITAL CORPORATION,** | |
| Defendant. | |

## ORDER

This matter appears before the Court on the April 3, 2020 Report and Recommendation ("R&R") issued by the Honorable Linda T. Walker, United States Magistrate Judge. Doc. No. [36]. In the R&R, Judge Walker recommended that Defendant's motion to dismiss be granted in part and denied in part and that Plaintiff be given an opportunity to replead.

The facts and procedural history are found in the R&R and are incorporated by reference. Doc. No. [36].

Defendant has filed an objection to the R&R for clarification purposes. Doc. No. [38]. In its objection, Defendant states that it has no objection to the

substantive reasoning of the R&R or its conclusion that Plaintiff should be given one more opportunity to file a Third Amended Complaint, but states that in light of the deficiency/shotgun pleading finding, its motion asking for dismissal of the complaint should have been granted (as to Counts I, III, and IV), not denied. Doc. No. [38].

When objections are filed in the context of a dispositive motion, the Court must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). After conducting this review, the Court "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." Id. Additionally, the Court may "receive further evidence or recommit the matter to the magistrate judge with instructions." Id.

After *de novo* review, the Court concludes that the R&R "is correct in law and fact"—and is accepted by this Court. Griffin v. GMAC, No. 1:05-CV-0199, 2008 WL 11334068, at *1 (N.D. Ga. Mar. 5, 2008). Defendant's objection is overruled as after review of the magistrate judge's order, it appears to the Court that the magistrate's judge's analysis was under its own initiative to address the shotgun pleadings, as opposed to addressing each of the arguments in

Defendant's pending motion to dismiss, which never mentions the term "shotgun pleading." See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321 n.11 (11th Cir. 2015) ("We have said that a defendant faced with a shotgun pleading should 'move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement.' But we have also advised that when a defendant fails to do so, the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.") (citations omitted); cf. Sarhan v. Miami Dade Coll., 800 F. App'x 769, 772 (11th Cir. 2020) ("District courts have the inherent authority to dismiss a complaint on shotgun-pleading grounds.") (citations omitted). To this regard, it was not improper to deny Defendant's motion, though the Court will modify the R&R to provide that the motion is denied in part as moot (as to Counts I, III, and IV).

## CONCLUSION

In conclusion, the April 3, 2020, Report and Recommendation (Doc. No. [36]) is **ADOPTED** as the Order of the Court, with the above-stated **MODIFICATION** of denying Defendant's motion in part (as to Counts I, III, and IV) as moot. Defendant's objection (Doc. No. [38]) is **OVERRULED.**

3

Defendant's motion to dismiss (Doc. No. [25]) is **GRANTED in part and DENIED AS MOOT in part.** The motion is granted as to Plaintiff's Age Discrimination in Employment (ADEA) claim (Doc. No. [24]), Count II. This count/claim is **DISMISSED WITH PREJUDICE**. The motion is denied as moot as to Counts I, III, and IV.

The Court finds that Plaintiff's Second Amended Complaint (Doc. No. [24]) is an impermissible shotgun pleading and **DIRECTS** the Clerk to strike said pleading. It is further **ORDERED** that Plaintiff, through Counsel, shall file a Third Amended Complaint within **FOURTEEN DAYS** of the entry of this Order in accordance with the Federal Rules of Civil Procedure and the magistrate's discussion in the R&R (Doc. No. [36]). As stated in the R&R, failure to timely amend the Complaint by correcting the deficiencies noted by the magistrate could result in dismissal of this entire case with prejudice.

The Clerk is further **DIRECTED** to strike the document labeled "Third Amended Complaint" at Doc. No. [39] as it was not filed with leave of Court.

**IT IS SO ORDERED** this 7th day of May, 2020.

s/Steve C. Jones
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**

4